Eric J. Gravel - SBN: 256672
Law Offices of Eric J. Gravel
350 Rhode Island St, Suite 240
San Francisco, CA 94103
Ph: (650) 931-6000
ctnotices@gmail.com

Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

In Re:

JERRY MICHAEL SMITH

, Debtor

Case No. 16-43100

Chapter 13

## MOTION FOR ORDER EXTENDING §362 AUTOMATIC STAY

Eric J. Gravel of the Law Offices of Eric J. Gravel, on behalf of Jerry Michael Smith, the Debtor herein, hereby moves this Court for an Order Extending the §362 Automatic Stay as to all creditors. This Motion is based on the following facts:

1. This case was commenced with the filing of a petition on November 5, 2016. Martha Bronitsky was duly appointed to serve as Trustee.

2. As shown on page 2 of the filed petition of this case, the Debtor filed a previous Bankruptcy petition (hereinafter, "Prior Case"). Specifically, on September 8, 2016, a prior Bankruptcy case (#16-42522) was filed *pro se* by the Debtor in the Northern District of California. A copy of the 3-page petition, initiating the Prior Case, is attached to a concurrently-filed Exhibit A and is incorporated herein by reference.

3. The Prior Case was dismissed without discharge by Order of the Court on October 11, 2016.

4. Pursuant to the provisions of §362(c)(3)(A)[1], the fact of a prior filing still pending within

---

[1] Title 11, US Codes §362(c)(3) provides in part:

the last 12 months limits the §362(a) Automatic Stay to a term of only 30 days, measured from the date of the filing of the new petition.

5. However, subject to §362(c)(3)(B), the Debtor has standing to move the Court to extend the Automatic Stay.

6. Under §362(c)(3)(C), if the Debtor can persuade the Court that the new case has been filed in good faith and if the Debtor can further persuade the Court by clear and convincing evidence that the dismissal of the Prior Case was NOT due to the willful inadvertence or negligence on the part of the Debtor, then the Court may extend the Automatic Stay.

7. The Debtor's attorney hereby avers that the present case was, indeed, filed in good faith and that the dismissal of the Prior Case was NOT due to the willful inadvertence or negligence on the part of the Debtor. The Declaration of the Debtor in Support of this Motion is filed contemporaneously with this Motion and is incorporated herein by reference.

8. The Debtor's attorney further asserts that, as to the filing and prosecution of the Prior Case, Debtor faced an imminent foreclosure sale and filed his case *pro se* under the

---

" (3) if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11 or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

   (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

   (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed; and

   (C) for purposes of subparagraph (B), a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary)-- (i) as to all creditors, if--

   (I) more than 1 previous case under any of chapters 7, 11 and 13in which the individual was a debtor was pending within the preceding 1-year period;

   (II) a previous case under any of chapters 7, 11 and 13 in which the individual was a debtor was dismissed within such 1-year period, after the debtor failed to--

     (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney);

     (bb) provide adequate protection as ordered by the court; or

     (cc) perform the terms of a plan confirmed by the court; or

   (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11 and 13 or any other reason to conclude that the later case will be concluded--

     (aa) if a case under chapter 7, with a discharge; or

     (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and

  (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor

advice of a former attorney not eligible to practice law in the State of California and unfamiliar with bankruptcy procedures in the Northern District. Debtor is 76-years old, did as best he could, and does not wish to lose his house of many years. Debtor was under the same advice from the same disbarred attorney in 2011 and before when he filed serial bankruptcies, also *pro se,* to prevent the foreclosure sale of his house. Debtor is aware of his responsibilities as a Debtor, has hired an experienced attorney this time and is submitting a feasible plan of reorganization. Debtor has been contacted by Ocwen Loan Servicing (Exhibit B) and is diligently working out a loan modification with them. Debtor's home in Orinda has experienced substantial appreciation since 2011.

9. Finally, the Debtor's attorney asserts that the administration of the instant case will be greatly facilitated by the extension of the Automatic Stay out to the date of Discharge. If not extended, the Automatic Stay will almost certainly terminate even before the Meeting of Creditors.

Wherefore, the Debtor moves this Court to issue an Order Extending the termination of the Automatic Stay to a date coinciding with the Order of Discharge under §523 or the dismissal of the case, whichever occurs first.

Respectfully submitted on November 16, 2016.

/s/ *Eric J. Gravel*
Eric J. Gravel
Law Offices of Eric J. Gravel

1  EXHIBIT A – Copy of previously-filed petition #16-42522

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Case: 16-43100    Doc# 8    Filed: 11/16/16    Entered: 11/16/16 15:30:49    Page 4 of 14
27  Exhibit                                                         1

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

**Northern** District of **California**

Case number (*If known*): _____

Chapter you are filing under:
- ☐ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☑ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy    12/15

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
| --- | --- | --- | --- |
| 1. | **Your full name** | | |

Write the name that is on your government-issued picture identification (for example, your driver's license or passport).

Bring your picture identification to your meeting with the trustee.

**About Debtor 1:**

Jerry
First name

Michael
Middle name

Smith
Last name

_____
Suffix (Sr., Jr., II, III)

**About Debtor 2 (Spouse Only in a Joint Case):**

_____
First name

_____
Middle name

_____
Last name

_____
Suffix (Sr., Jr., II, III)

2. **All other names you have used in the last 8 years**

Include your married or maiden names.

**About Debtor 1:**

First name _____

Middle name _____

Last name _____

N/A

First name _____

Middle name _____

Last name _____

**About Debtor 2 (Spouse Only in a Joint Case):**

First name _____

Middle name _____

Last name _____

First name _____

Middle name _____

Last name _____

3. **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)**

**About Debtor 1:**

xxx – xx – 8 1 4 3

OR

9 xx – xx – ___ ___ ___ ___

**About Debtor 2 (Spouse Only in a Joint Case):**

xxx – xx – ___ ___ ___ ___

OR

9 xx – xx – ___ ___ ___ ___

Case: 16-43252    Doc# 81    Filed: 10/08/16    Entered: 10/08/16 15:30:45    Page 5 of 14

|  | **About Debtor 1:** | **About Debtor 2 (Spouse Only in a Joint Case):** |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ☒ I have not used any business names or EINs.<br><br>Business name _____<br><br>Business name _____<br><br>EIN __ __ - __ __ __ __ __ __ __<br><br>EIN __ __ - __ __ __ __ __ __ __ | ☐ I have not used any business names or EINs.<br><br>Business name _____<br><br>Business name _____<br><br>EIN __ __ - __ __ __ __ __ __ __<br><br>EIN __ __ - __ __ __ __ __ __ __ |

---

**5. Where you live**

**21 Keith Drive**
Number    Street

_____

**Orinda      CA    94553**
City            State    ZIP Code

**Contra Costa**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City            State    ZIP Code

**If Debtor 2 lives at a different address:**

_____
Number    Street

_____

_____
City            State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City            State    ZIP Code

---

**6. Why you are choosing *this district* to file for bankruptcy**

*Check one:*

☒ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason. Explain.
(See 28 U.S.C. § 1408.)

_____
_____
_____
_____

Case: 16-43502    Doc# 1    Filed: 10/06/16    Entered: 10/06/16 15:30:45    Page 6 of 14

Debtor 1   _Jerry Michael Smith_      Case number (if known)_____

<span style="font-size:small">First Name     Middle Name       Last Name</span>

## Part 2: Tell the Court About Your Bankruptcy Case

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one. (For a brief description of each, see Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)). Also, go to the top of page 1 and check the appropriate box.*

❑ Chapter 7

❑ Chapter 11

❑ Chapter 12

☒ Chapter 13

**8. How you will pay the fee**

☒ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

❑ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

❑ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

❑ No

☒ Yes.

| District | | When (MM/DD/YYYY) | Case number |
|---|---|---|---|
| Eastern | | 9-14-2011 | 2:11-bk-42246 |
| District Northern | When | 1-4-2011 | Case number 4:11-bk-40060 |
| District Northern | When | 2-22-2011 | Case number 4:11-bk-41889 |
| District Northern | When | 4-6-2011 | Case number 4:11-bk-43759 |
| Central | | 8-11-2011 | 2:11-bk-44254 |
| | | 11-8-2011 | 4:11-bk-71873 |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

☒ No

❑ Yes.   Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                      MM / DD / YYYY

Debtor _____ Relationship to you _____

District _____ When _____ Case number, if known_____
                      MM / DD / YYYY

**11. Do you rent your residence?**

☒ No.   Go to line 12.

❑ Yes.   Has your landlord obtained an eviction judgment against you and do you want to stay in your residence?

     ❑ No. Go to line 12.

     ❑ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Case: 11-44254-202    Doc# 81    Filed: 10/06/16    Entered: 10/06/16 15:30:25    Page 73 of 94

Debtor 1    Jerry  Michael  Smith
         _First Name_   _Middle Name_   _Last Name_          Case number *(if known)*_____

## Part 3:   Report About Any Businesses You Own as a Sole Proprietor

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No. Go to Part 4.

☒ Yes. Name and location of business

Name of business, if any
21 Keith Drive
Number    Street

Orinda.

Orinda                                    CA          94553
City                                     State       ZIP Code

*Check the appropriate box to describe your business:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☒ None of the above    Management of Rental of Property

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines.* If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ No.  I am not filing under Chapter 11.

☐ No.  I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes. I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

## Part 4:   Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

☒ No

☐ Yes.  What is the hazard?   _____

_____

If immediate attention is needed, why is it needed? _____

_____

Where is the property?   _____
                         Number     Street

_____

_____
City                              State      ZIP Code

Case: 16-43502   Doc# 81   Filed: 10/08/16   Entered: 10/08/16 15:30:45   Page 84 of 194

Debtor 1    Jerry Michael Smith

    First Name      Middle Name      Last Name                Case number *(if known)*_____

---

## Part 5:  Explain Your Efforts to Receive a Briefing About Credit Counseling

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

*You must check one:*

☑ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

    ☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

*You must check one:*

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

    ☐ **Incapacity.**  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

    ☐ **Disability.**  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

    ☐ **Active duty.**  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

Case: 16-43502    Doc# 81    Filed: 10/08/16    Entered: 10/08/16 15:30:45    Page 5 of 14

Debtor 1    Jerry  Michael  Smith                                    Case number (if known)_____
            First Name    Middle Name    Last Name

## Part 6:    Answer These Questions for Reporting Purposes

**16. What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
☒ Yes. Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

**17. Are you filing under Chapter 7?**

☒ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No
☐ Yes

**18. How many creditors do you estimate that you owe?**

☐ 1-49
☒ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**19. How much do you estimate your assets to be worth?**

☐ $0-$50,000
☒ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

**20. How much do you estimate your liabilities to be?**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☒ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Part 7:    Sign Below

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _____          ✗ _____
   Signature of Debtor 1                    Signature of Debtor 2

   Executed on  9 - 8 - 2016                Executed on _____
               MM / DD / YYYY                          MM / DD / YYYY

Case 16-43202   Doc# 1   Filed 09/08/16   Entered 09/08/16 15:30:25   Page 10 of 14

1    EXHIBIT B – Loan Modification Communication from Ocwen Loan Servicing

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   Declaration – Motion to Extend Automatic Stay                1


**Ocwen Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

10/21/2016

Loan Number: _745



Jerry M Smith
21 Keith Dr
Orinda, CA 94563-3639

Property Address: 21 Keith Dr
Orinda, CA 94563-3639

## MORTGAGE ASSISTANCE RESOURCES
### A RELATIONSHIP MANAGER IS ASSIGNED AND READY TO HELP

Dear Customer(s),

We are pleased to assist you in identifying solutions for your mortgage. No matter what your situation, we are committed to working with you. **We have assigned a dedicated mortgage assistance expert to help you, your personal Relationship Manager, Elton Quinny. Elton Quinny** will carefully review your situation and application materials, make sure your information is complete and work with you to identify the best options.

### Important Next Steps

1. **Schedule an in-depth phone consultation with your Relationship Manager.**

   - Schedule a phone appointment online at www.ocwencustomers.com. Simply log into your account and click 'Talk to Your Relationship Manager'.

   - Call us toll-free at (800) 746-2936. We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

   - You may also email your Relationship Manager at RelationshipManager@ocwen.com. Please include your Relationship Manager's name in the subject line of your email.

2. **Send us your application materials.**

   - Email any application documents and/or attachments to your Relationship Manager at rma@ocwen.com.

   - Be sure to put your name and loan number on all documents and communications.

   - Your Relationship Manager can receive your emailed documents at this address but cannot reply from this email address. Please give us a call to ask questions or schedule an appointment at (800) 746-2936, or email RelationshipManager@ocwen.com.

NMLS # 1852

RMLTRSTANDAM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



**OCWEN Loan Servicing, LLC**
WWW.OCWEN.COM
*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936

---

**For fastest processing, email or fax documents to:**

Email: rma@ocwen.com

Fax: (678) 497-4464

**Web: www.ocwencustomers.com – select Modification Package from the 'Customer Service' drop down menu. Select the 'Upload Online' link and follow the instructions.**

Or mail documents to:

Ocwen Loan Servicing, LLC

Attn: Home Retention Department

1661 Worthington Road, Ste 100

West Palm Beach, FL 33409

## Important Information About Foreclosure

We will review your completed application for assistance, which must include all required forms and financial documents, even if a foreclosure sale date is scheduled within 30 days. If a foreclosure sale is scheduled, we must receive your completed application in advance of the scheduled date. Please DO NOT DELAY in sending your application and all required material.

## Assistance Application Overview

### Download or Call for an Application

If you have not received an application, please download one at www.ocwencustomers.com * or call to request one at (800) 746-2936.

- Be sure to fill out your application completely
- Provide copies of all documents required (which are listed on the application)
- Send it to us as soon as possible. The sooner you apply, the sooner we can help
  *To download an application, go to www.ocwencustomers.com, select the Modification Package under the 'Customer Service' drop down menu.

### Required Documents

Among other things, you will be asked to provide **evidence of your income** and **information about your property**. Examples include:

- Completed Request for Mortgage Assistance form
- Supporting income documentation for each declared income source. Examples:
  - Base Pay: 2 most recent paystubs dated within 90 days. At least one must show at least 30 days of Year-to-Date income
  - Profit and Loss Statement: Either the last 3 monthly profit and loss statements OR 1 for the most recent quarter
- Completed and signed IRS Form 4506-T or 4506T-EZ
- If requested, proof of residence (indicating you occupy the property, etc.)
- If applicable, Purchase Contract

### Critical Application Timelines

Once you begin the application process, it is very important that you submit all of the required document(s) to us as quickly as possible in order for us to be able to evaluate you for all loss mitigation options. Delays in submitting all required documents can result in the loss of important protections available to you under applicable laws. In addition, we may also continue to pursue any

---

NMLS # 1852

RMLTRSTANDAM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Case: 16-43100   Doc# 8   Filed: 11/16/16   Entered: 11/16/16 15:30:49   Page 13 of 14



# Ocwen Loan Servicing, LLC

WWW.OCWEN.COM

*Helping Homeowners is What We Do!* ™

1661 Worthington Road, Suite 100
West Palm Beach, FL. 33409
Toll Free: (800) 746 - 2936



---

and all remedies available to us under the law, including initiating and/or continuing the foreclosure sale process on your property if all required documents are not received prior to any applicable due date.

**Application review can take up to 30 days and we will let you know when our review is complete.** However, if we need any information or clarification, we will let you know right away. There is no need to call unless you have specific questions or concerns.

**For questions or to schedule an appointment, please call us toll-free at (800) 746-2936 to directly connect to your Relationship Manager.** We are available Monday through Friday 8:00 am to 9:00 pm, Saturday 8:00 am to 5:00 pm and Sunday 9:00 am to 9:00 pm ET.

Sincerely,
Loan Servicing

---

NMLS # 1852

RMLTRSTANDAM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*